UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6989 FMO (MAAx) | Date | October 3, 2023 |
|---|---|---|---|
| Title | Holly Copsey Gruber v. General Motors LLC | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff: | | Attorney Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Motion to Remand

On August 7, 2023, Holly Copsey Gruber ("plaintiff") filed a complaint ("Complaint") in the Los Angeles County Superior Court ("state court") against General Motors LLC ("GM"), asserting, among other claims, breach of warranty claims under the California Song-Beverly Consumer Warranty Act, ("Song-Beverly Act"), Cal. Civ. Code §§ 1790, et seq.[1] (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2); (Dkt. 1-1, Complaint). Plaintiff's claims arise out of the purchase of a 2017 Chevrolet Bolt vehicle in February 2017, (see Dkt. 1-1, Complaint at ¶¶ 4, 7 & 9), which she alleges contained a battery defect. (See id. at ¶¶ 18-19). Plaintiff alleges that she "is entitled to replacement of the subject vehicle, or restitution of the amount actually paid or payable under the contract," (id. at ¶ 37) and that GM's conduct was "willful, justifying an award of a civil penalty . . . in an amount not to exceed two . . . times plaintiff's actual damages." (Id. at ¶ 43); (see also id. at Prayer for Relief).

On August 24, 2023, GM removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1, NOR at ¶ 9). On September 1, 2023, plaintiff filed a Motion to Remand to State Court. (See Dkt. 12, "Motion"). Having reviewed the pleadings and the briefing filed with respect to plaintiff's Motion, the court concludes as follows.

**LEGAL STANDARD**

Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has

---

[1] Capitalization, quotation and alteration marks, and emphasis in record citations may be altered without notation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6989 FMO (MAAx) | Date | October 3, 2023 |
|---|---|---|---|
| Title | Holly Copsey Gruber v. General Motors LLC | | |

acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[2] See id. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

When federal subject matter jurisdiction is predicated on diversity of citizenship, two requirements must be met. See 28 U.S.C. § 1332. First, complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interests and costs[.]" 28 U.S.C. § 1332(a).

**DISCUSSION**

Plaintiff's motion does not take issue with any of the contentions regarding jurisdiction set forth in GM's NOR. (See, generally, Dkt. 12, Motion). Instead, plaintiff merely contends that the court should remand the action "unless defendant meets its burden of proving that this court has removal jurisdiction." (Id. at ECF 301); (see id. at ECF 301-05) (purporting to set forth statutory requirements for removal). Plaintiff otherwise makes no argument as to why GM's NOR is deficient.[3] (See, generally, id.).

The court has reviewed the NOR, along with the Complaint, and finds that GM has demonstrated that the court has subject matter jurisdiction over this action based on diversity jurisdiction. With respect to diversity of citizenship, GM established that it is not a citizen of California, (see Dkt. 1, NOR at ¶¶ 12-14), and that for purposes of removal, plaintiff is a citizen of California. (See id. at ¶ 11) (noting allegation in Complaint that plaintiff is an individual residing in California); see Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1951); 13E Charles Alan Wright

---

[2] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S.Ct. 547, 554 (2014).

[3] Plaintiff engages in the same briefing with respect to the procedural requirements for removal, (see Dkt. 12, Motion at ECF 304-05), but does not identify any specific procedural defect in the NOR. (See, generally, id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-6989 FMO (MAAx) | Date | October 3, 2023 |
|---|---|---|---|
| Title | Holly Copsey Gruber v. General Motors LLC | | |

& Arthur R. Miller, Federal Practice & Procedure § 3612 (3d ed. 2013) ("It is assumed . . . that a person's current residence is also his domicile."). Moreover, plaintiff does not claim she is a citizen of a state other than California. (See, generally, Dkt. 12, Motion).

With respect to the amount in controversy, as noted above, the Complaint alleges that plaintiff "is entitled to replacement of the subject vehicle, or restitution of the amount actually paid or payable under the contract," (Dkt. 1-1, Complaint at ¶ 37), and that GM's conduct was "willful, justifying an award of a civil penalty . . . in an amount not to exceed two . . . times plaintiff's actual damages." (Id. at ¶ 43); (see also id. at Prayer for Relief); Cal. Civ. Code § 1794(c). Thus, the Song-Beverly Act claims alone place the amount in controversy above $75,000.[4] See Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) ("In assessing the amount in controversy, [courts] may consider allegations in the complaint and in the notice of removal, as well as summary-judgment-type evidence relevant to the amount in controversy."); see, e.g., Sky-Med, Inc. v. Federal Aviation Admin., 965 F.3d 960, 965 (9th Cir. 2020) (Courts "generally calculate the amount in controversy by examining the face of the well-pleaded complaint."); (Dkt. 1-3, Kuhn Decl. at ¶ 4) ("The average manufacturer's suggested retail price for a mode year 2017 Chevrolet Bolt was $38,875.").

## CONCLUSION

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that plaintiff's Motion to Remand to State Court **(Document No. 12)** is **denied**.

|  | Initials of Preparer | vdr |
|---|---|---|

---

[4] GM alleged in the NOR that the average manufacturer's suggested retail price of a 2017 Bolt was $38,875. (See Dkt. 1, NOR at ¶ 17) (citing Dkt. 1-3, Declaration of Timothy Kuhn [] ("Kuhn Decl.") at ¶ 4).